IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50032
Conference Calendar

_____


LEO J. SMOOT,

                                        Plaintiff-Appellant,

versus

KATHLEEN FORRESTER, also known as FNU Forrester,
Officer,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-114
- - - - - - - - - -
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Leo Jesse Smoot, Texas prisoner # 643146, has filed a motion
for leave to proceed in forma pauperis ("IFP") on appeal.  By
moving for IFP, Smoot is challenging the district court's
determination that IFP should not be granted on appeal because
his appeal from the district court's dismissal of his civil-
rights complaint, filed pursuant to 42 U.S.C. § 1983, was not
taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th
Cir. 1997).  Our review of the record and pleadings indicates

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the district court did not err in dismissing Smoot's complaint as barred by res judicata.  Smoot's appeal from the dismissal of his complaint lacks arguable merit, and the district court did not err in finding that the instant appeal was not taken in good faith.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983)(lack of nonfrivolous issue on appeal precludes finding of "good faith" for purposes of 28 U.S.C. § 1915 and FED. R. APP. P. 24).

Accordingly, Smoot's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the dismissal of his § 1983 complaint in district court.  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  If he accumulates one more "strike" under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED.